Skip to Main Content Logout My Account Search Menu Search Refine Search Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2021-02098

| | |
|---|---|
| Kristine Jensen v. Pacifica Rosemont LLC, et. al. | Case Type: **Tort** |
| § | Date Filed: **09/28/2021** |
| § | Location: |
| § | Judicial Officer: **Biedscheid, Bryan** |

---

### RELATED CASE INFORMATION

**Related Cases**
D-101-CV-2017-02645 (See For Background)

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| Defendant | **Israni, Deepak**<br>1775 Hancock St. #200<br>San Diego, CA 92110 | | |
| Defendant | **Pacifica Companies LLC**<br>1775 Hancock St., Ste. 200<br>San Diego, CA 92110 | | |
| Defendant | **Pacifica Rosemont LLC**<br>2968 Galisteo Rd.<br>Santa Fe, NM 87505 | | |
| Defendant | **Pacifica Senior Living LLC**<br>1775 Hancock St. #200<br>San Diego, CA 92110 | | |
| Defendant | **Pacifica Senior Living Management LLC**<br>1775 Hancock St. #200<br>San Diego, CA 92110 | | |
| Plaintiff | **Jensen, Kristine** | Female | **Feliz Angelica Rael**<br>*Retained*<br>505-610-5991(W)<br><br>Gregory W. MacKenzie<br>*Retained*<br>505-888-1188(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/28/2021 | **Cause Of Actions**<br>Action Type | Wrongful Death, Non-Auto (Count 1)<br>Action |
| 09/28/2021 | **Cause Of Actions**<br>Action Type | Other (Count 2 - Negligence)<br>Action |
| 09/28/2021 | **Cause Of Actions**<br>Action Type | Other (Count 3 - Negligent or Intentional Misrepresentation)<br>Action |
| 09/28/2021 | **Cause Of Actions**<br>Action Type | Trade Practices Act (Count 4)<br>Action |
| 09/28/2021 | **Cause Of Actions**<br>Action Type | Other (Count 5 - Punitive Damages)<br>Action |
| 09/28/2021 | **OPN: COMPLAINT**<br>*Complaint for Wrongful Death, Negligence, Misrepresentation, Unfair Trade Practices, Joint & Several Liability and Punitive Damages* | |
| 09/28/2021 | **JURY DEMAND 6 PERSON**<br>*Jury Demand* | |
| 09/28/2021 | **CERTIFICATE**<br>*Court Annexed Arbitration Certificate* | |
| 09/28/2021 | **MTN: MOTION**<br>*Motion to Appointment of Personal Representative Pursuant to 41-2-3, NMSA 1978* | |
| 10/08/2021 | **JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE** (Judicial Officer: Wilson, Matthew Justin )<br>*Notice of Peremptory Excusal of Judge [xc: Judge]* | |
| 10/13/2021 | **JDG: NOTICE OF JUDGE ASSIGNMENT**<br>*Notice of Judge Assignment - Case Reassigned to Judge Bryan Biedscheid Due to the Recusal of Judge Matthew Wilson; Effective 10/08/2021* | |

**EXHIBIT**

**A**

| | | |
|---|---|---|
| 11/09/2021 | **Summons** | |
| | *Deepak Israni* | |
| | Israni, Deepak | Unserved |
| 11/09/2021 | **Summons** | |
| | *Pacifica Companines LLC* | |
| | Pacifica Companies LLC | Unserved |
| 11/09/2021 | **Summons** | |
| | *Pacifica Rosemont LLC* | |
| | Pacifica Rosemont LLC | Unserved |
| 11/09/2021 | **Summons** | |
| | *Pacifica Senior Living LLC* | |
| | Pacifica Senior Living LLC | Unserved |
| 11/09/2021 | **Summons** | |
| | *Pacifica Senior Living Management LLC* | |
| | Pacifica Senior Living Management LLC | Unserved |
| 11/16/2021 | **ORD: APPROVING PROBATE/APPOINTMENT OF PERSONAL REP** | |
| | *Order Appointing Personal Representative Pursuant to 41-2-31, NMSA 1978* | |

---

**FINANCIAL INFORMATION**

---

| | | | | |
|---|---|---|---|---|
| | **Personal Representative** Jensen, Kristine | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 12/09/2021** | | | **0.00** |
| 09/29/2021 | Transaction Assessment | | | 282.00 |
| 09/29/2021 | File & Serve Payment | Receipt # SFED-2021-6424 | Jensen, Kristine | (282.00) |

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/28/2021 4:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

       Plaintiff.

vs.                        No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

       Defendants.          Case assigned to Wilson, Matthew Justin

## COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, MISREPRESENTATION, UNFAIR TRADE PRACTICES, JOINT AND SEVERAL LIABILITY AND PUNITIVE DAMAGES

Joyce Lenz, deceased, by the Personal Representative of the Wrongful Death Estate, Kristine Jensen, and through her attorneys, Feliz A. Rael and Gregory MacKenzie, and for her causes of action against Defendants, and each of them, states and alleges as follows:

### PARTIES

1.      Joyce Lenz was a resident of the assisted living facility known as Pacifica Senior Living Santa Fe, located at 2968 Galisteo Road, Santa Fe, New Mexico 87505, from on or about December 28, 2017 to February 22, 2020.

2.      Kristine Jensen brings this suit in her capacity as the personal representative of the wrongful death beneficiaries of Joyce Lenz; a motion for appointment is filed concurrently herewith. All beneficiaries agree to the appointment of Ms. Jensen.

3.      Pacifica Rosemont LLC, doing business as Pacifica Senior Living Santa Fe, is a New Mexico corporation engaged in the business of owning, operating, managing, administrating,

1

supervising, and/or maintaining assisted living facilities and related healthcare facilities, including Pacifica Senior Living Santa Fe, at all times material to this lawsuit. Upon information and belief, at all times material hereto, Pacifica Rosemont LLC did substantial and not isolated business in the State of New Mexico. Upon further information and belief, at all times material, Pacifica Rosemont LLC owned, operated, supervised, funded, managed, administered, licensed, and/or did business as Pacifica Senior Living Santa Fe, located at 2961 Galisteo Street, Santa Fe, New Mexico 87505.  The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of Pacifica Senior Living Santa Fe. Pacifica Rosemont LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Pacifica Rosemont LLC's behalf. Further, Pacifica Rosemont LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who Pacifica Rosemont LLC controlled or had the right and power to control.  Defendant, Pacifica Rosemont LLC, may be served with process by serving its registered agent, Paracorp Incorporated, 1012 Marquez Pl, Ste. 106 B, Santa Fe, New Mexico, 87505.

4.      Upon information and belief, Pacifica Rosemont LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Pacifica Companies LLC, Pacifica Senior Living LLC, and Pacifica Senior Living Management LLC, Pacifica Senior Living Management LLC d/b/a  Pacifica Senior Management LLC, and Deepak Israni.  Upon information and belief, at all times relevant to the incident that is the subject of this case, Pacifica Rosemont LLC is liable for the negligence, actions, and/or omissions of each other named Defendant.

5.      Pacifica Companies LLC is a California or Delaware entity engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining adult residential

care facilities and/or assisted living facilities and related healthcare facilities, including Pacifica Senior Living Santa Fe, at all times material to this lawsuit. Upon information and belief, at all times material hereto, Pacifica Companies LLC did substantial and not isolated business in the State of New Mexico. Upon further information and belief, at all times material, Pacifica Companies LLC owned, operated, supervised, funded, managed, administered, and/or did business as Pacifica Senior Living Santa Fe, located at 2961 Galisteo Street, Santa Fe, New Mexico 87505. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of Pacifica Senior Living Santa Fe. Pacifica Companies LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Pacifica Companies LLC's behalf. Further, Pacifica Companies LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who Pacifica Companies LLC controlled or had the right and power to control. Defendant, Pacifica Companies LLC, may be served with process by serving its registered agent, Paracorp Incorporated, at 2804 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

6.     Pacifica Senior Living LLC, doing business as Pacifica Senior Living and Pacifica Senior Living Management LLC, (hereinafter, "Pacifica Senior Living LLC") is a Delaware entity engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining adult residential care facilities and/or assisted living facilities and related healthcare facilities, including Pacifica Senior Living Santa Fe, at all times material to this lawsuit. Upon information and belief, at all times material hereto, Pacifica Senior Living LLC did substantial and not isolated business in the State of New Mexico. Upon further information and belief, at all times material, Pacifica Senior Living LLC owned, operated, supervised, funded, managed, administered, and/or did business as Pacifica Senior Living Santa Fe, located at 2961 Galisteo Street, Santa Fe,

3

New Mexico 87505.  The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of Pacifica Senior Living Santa Fe. Pacifica Senior Living LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Pacifica Senior Living LLC's behalf.  Further, Pacifica Senior Living LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who Pacifica Senior Living LLC controlled or had the right and power to control.  Defendant, Pacifica Senior Living LLC, may be served with process by serving its registered agent, Paracorp Incorporated, at 2140 S. Dupont Hwy, Camden, Delaware 19934.

7.      Upon information and belief, Pacifica Senior Living LLC is not only individually liable for the claims detailed herein but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Pacifica Rosemont LLC, Pacifica Companies LLC, Pacifica Senior Living Management LLC d/b/a Pacifica Senior Management LLC, and Deepak Israni.  Upon information and belief, at all times relevant to the incident that is the subject of this case, Pacifica Senior Living LLC is liable for the negligence, actions, and/or omissions of Pacifica Rosemont LLC, Pacifica Companies LLC, Pacifica Senior Living Management LLC d/b/a Pacifica Senior Management LLC, and Deepak Israni.

8.      Pacifica Senior Living Management LLC, doing business as Pacifica Senior Management LLC, (hereinafter, "Pacifica Senior Living Management LLC") is a foreign company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining adult residential care facilities and/or assisted living facilities and related healthcare facilities, including Pacifica Senior Living Santa Fe, at all times material to this lawsuit. At various times Pacifica Senior Living Management LLC conducts business as Pacifica Senior Management LLC.  Upon information and belief, at all times material hereto, Pacifica Senior Living Management

4

LLC did substantial and not isolated business in the State of New Mexico. Upon further information and belief, at all times material, Pacifica Senior Management LLC owned, operated, supervised, funded, managed, administered, and/or did business as Pacifica Senior Living Santa Fe, located at 2961 Galisteo Street, Santa Fe, New Mexico 87505. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of Pacifica Senior Living Santa Fe. Pacifica Senior Living Management LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Pacifica Senior Living Management LLC's behalf. Further, Pacifica Senior Living Management LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, and/or servants and those who Pacifica Senior Management LLC controlled or had the right and power to control. Defendant, Pacifica Senior Management LLC, may be served with process by serving its registered agent, Paracorp Incorporated, at 2804 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

9. Upon information and belief, Pacifica Senior Living Management LLC is not only individually liable for the claims detailed herein but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Pacifica Rosemont LLC, Pacifica Companies LLC, Pacifica Senior Living LLC, and Deepak Israni. Upon information and belief, at all times relevant to the incident that is the subject of this case, Pacifica Senior Living Management LLC is liable for the negligence, actions, and/or omissions of Pacifica Rosemont LLC, Pacifica Companies LLC, Pacifica Senior Living LLC, and Deepak Israni.

10. Deepak Israni is the President and CEO and sole manager of Pacifica Companies LLC, a manager and/or member of Pacifica Senior Management LLC, and he is the Organizer of Pacifica Rosemont, LLC. He claims to be responsible for the "development" and "management" of

5

all his companies' properties and was a central figure in the hostile takeover of Rosemont Assisted Living Community of Santa Fe in 2013. Defendant Deepak Israni may be served with process at 1775 Hancock St. Ste. 200, San Diego, CA 92110.

## DEFINITIONS

11.     Whenever the term "Defendants" or "Pacifica Senior Living Santa Fe" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.     Whenever in this Complaint it is alleged that Defendants did any act or thing, or failed to do any act or thing, it is meant that the officers, agents, representatives, or employees of the designated corporations respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendants.

## JOINT VENTURE/ENTERPRISE

13.     Defendants were engaged in a joint venture/enterprise during Joyce Lenz's residency.

14.     Each Defendant had a shared community of interest in the object and purpose of the undertaking for which the assisted living facility known as Pacifica Senior Living Santa Fe was being operated/used.

15.     Each Defendant had an equal right to share in the control of the administration, management, and operation of the assisted living facility during Joyce Lenz's residency, regardless of whether such right was actually exercised.

16.     The Defendants controlled the administration, operation, planning, management, and quality control of the assisted living facility. The authority exercised by the Defendants over the assisted living facility included, but was not limited to, control of marketing, human resources management, training, staffing, supply of appropriate, safe, and necessary furniture and equipment, creation and implementation of policy and procedure manuals used by the assisted living facility, Medicare and Medicaid reimbursement, quality care assessment and compliance, compliance with

6

state regulations and standard of care, licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

17.     These corporate Defendants operated as a joint venture/enterprise for the purpose of increasing profitability and furthering their similar business interests and collectively controlled Pacifica Senior Living Santa Fe.

18.     At all relevant times mentioned herein, the corporate Defendants owned, operated, administered, and/or controlled, either directly or through the agency of each other and/or other diverse subalterns, agents, subsidiaries, servants, or employees in the operation of Pacifica Rosemont Senior Living, Pacifica Senior Living Santa Fe, and/or Pacifica Senior Living.

19.     Because the Defendants named herein and others were engaged in a joint venture/enterprise before and throughout Joyce Lenz's residency, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants. The actions of the Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Defendants, jointly and severally.

## VENUE/JURISDICTION

20.     The facts and allegations contained in this complaint occurred in the City of Santa Fe, Santa Fe County, State of New Mexico.

21.     Venue and jurisdiction are appropriate in the First Judicial District.

## FACTS

22.     Joyce Lenz was a resident of Pacifica Senior Living Santa Fe, from on or about December 28, 2017 to February 22, 2020.

23.     Joyce's daughter, Kari Jensen, had toured Pacifica Senior Living Santa Fe in the Spring before placing her mother and felt that her mother would do well there. Executive Director Bill Bouvier, and Memory Care Director Michelle Quarles stated that they would have caregivers

7

available at all times. Plaintiff's daughter, Kari Jensen, relied on these representations to feel comfortable about placing her mother at Pacifica.

24.     In written documentation to Joyce's family, Pacifica Senior Living Santa Fe represented that it would not admit or retain residents for whom they could not provide appropriate care; that it would provide sufficient staff to meet the needs of each resident; and that it would provide proper training to staff.

25.     According to Defendants' website, Defendants advertised:

Pacifica Senior Living Santa Fe offers a full complement of senior assisted living services and amenities. We offer a full spectrum of assisted living and memory care services administered by a skilled, caring and experienced staff.

We strive to ensure that our residents live at their highest-level comfort and security. If any of our residents need personalized care as an enhancement to our basic living services, Pacifica Senior Living Santa Fe also offers specialized personal attention. Our community creates a customized service and assistance plan for each resident with a variety of therapies and life enrichment activities. Since our professional and friendly staff interacts daily with our residents, we continually monitor their individual needs. We provide a wide range of additional services and work with our residents and their families to select the best level of personal care. We communicate openly and regularly so that the service we proved can change with the needs of our residents.

26.     Each of these statements were demonstrably false with respect to Ms. Lenz.

27.     Section VII(A) of the documents provided to Ms. Lenz's family prior to her admission has a section entitled "Transfer for More Appropriate Care" which states that residents are permitted in accordance with "the judgment of the staff" that a resident's "presence does not create a danger to yourself or others."  In the event a resident does not leave upon Defendants' request, and Defendants believe "one-on-one care" is needed to protect the "health or safety of others," Defendants state that they will provide such care and the resident will be charged for it.

28.     In Section VIII(B)(2) of the admission document, the facility asserts that it may terminate a resident's contract without prior notice under the following circumstances:

a. It is necessary for your safety and welfare

8

b. You have a need that cannot be met at the Community; or

c. The health or safety of other residents at the Community is endangered.

29.     In Section VIII(B)(2) of the admission document, the facility asserts that it may terminate a resident's contract if the Resident "present[s] an immediate physical threat or danger to yourself or others," or the resident has "a primary need for care and supervision that results from dementia or a mental disorder resulting in ongoing behavior which would upset the general resident group," or the resident has "health care needs that cannot be met at the Community for reasons such as licensure, design or **staffing**." (Emphasis added.)

30.     These statements were intended to induce family members believe that their loved ones were safe from other dangerous residents at Pacifica.

31.     Each of these statements were demonstrably false with respect to Ms. Lenz since Rita was allowed to repeatedly verbally harass and physically abuse Joyce Lenz without the above-referenced promises and representations being enforced.

32.     Plaintiff's family detrimentally relied on Defendants' false statements in entrusting their mother's care to Pacifica Senior Living Santa Fe.

33.     Staff members took Joyce on a tour of the facility and allowed her to choose her own room in the Memory Care Unit.

34.     In March 2019, the State of New Mexico cited Pacifica Senior Living Santa Fe for violations including failure to ensure that staff participated in appropriate mandatory training, including Alzheimer's/Dementia training.  This was a repeat deficiency.

35.     In March 2019, the State of New Mexico cited Pacifica Senior Living Santa Fe for violations including failure to ensure that resident medical records were properly maintained with all appropriate information so that doctors and the State could ensure the Defendants were providing proper services.

36.    During that survey, Defendants were also charged with violating state law regarding timely and appropriate resident assessments, a practice which Defendants knew had the potential for residents to be at risk of not receiving appropriate care and services.

37.    During the March 2019 survey, Pacifica was cited for failing to ensure that Individual Service Plans (ISPs) were reviewed and updated, if necessary, and included all required information. Pacifica was advised that this presented a risk of residents not receiving appropriate care upon a change in condition.

38.    The State further found Pacifica to be in violation of state law requiring assisted living facilities to have appropriate medications available and failure to provide medications consistent with the orders of each resident.

39.    Previously, during a survey completed on 3/25/15, Pacifica Senior Living Santa Fe was cited for failure to ensure proper training of staff.

40.    While in the care of Defendants, Joyce Lenz suffered injuries and harm including, but not limited to, the following:

    a.    Physical injury;

    b.    Left femur fracture

    c.    Urinary tract infection (UTI) with e. coli

    d.    Shock

    e.    Hypoxia

    f.    Acute renal failure

    g.    Blunt hip trauma;

    h.    Focal subscapular hemorrhage of the left frontal region of the scalp

    i.    Pain, suffering, and anxiety;

    j.    Mental anguish;

k.  Humiliation; and

l.  Wrongful death.

41.     As a result of her injuries, Joyce Lenz required emergency medical attention on February 22, 2020 at the Santa Fe Presbyterian Medical Center and immediately thereafter at Presbyterian Rust Medical Center.

42.     The injuries, abuse, and damages inflicted upon Joyce Lenz were of a continuing nature. Other incidents may have occurred but were not reported. The negligent conduct attributable to each Defendant, which occurred on a daily basis are a direct cause of the February 24, 2020 death of Joyce Lenz.

43.     On 9/18/19 Nicole Hernandez, the Memory Care Director charted an incident at dinner involving another resident named "Rita":

> At approximately 4:00 pm resident was having dinner seating at table. Staff saw Rita by the corner of her eye hit resident on the back of her head. Resident yelled out why are you hitting me residents glasses were flown of her face. Staff immediately rushed to resident. Resident was asked what happened she stated Rita walked by and just hit me on the back of the head.

44.     Another incident was noted two months later, on Thanksgiving Day 2019.  Joyce Lenz's daughter, Kari Jensen, brought a special holiday meal for her mother and was present in the dining room when Rita removed some of the food from Ms. Lenz's plate stating it was her food. The staff did not intervene.

45.     A more serious incident occurred about two months later on January 20, 2020 as noted in her chart:

> On January 20,2020 at approximately 11:30 am Resident was having lunch when another resident (Rita) walked over to her table and tried to pick of her plate. Resident started yelling at other resident (Rita) and the altercation became bigger. Rita then hit resident on her left side of face. Staff intervened and remove resident from the area resident was assessed. This writer notified daughter Kari she stated her mother becomes upset very easily and is known for mocking residents and arguing back. Resident did not c/o of pain or NAD noted.

11

46.     Although this **third** incident, where Rita harassed and hit Joyce should have been a significant wake-up call to Pacifica that Rita posed a serious hazard to Joyce's safety, Pacifica continued to take money from both families and continued to allow these two women to interact with little to no supervision.

47.     By February, Joyce was noted as becoming grumpy, possibly due to pain, she tired easily and was noted to be a fall risk given previous falls and fractures.  On February 21, 2020, Joyce's daughter Kari Jensen was visiting and walked with her mother to her room after lunch.  On this day, Rita was in Joyce's room, which Joyce interpreted as harassing.

48.     On February 22, 2020, according to a police report, which is based on information provided by a Santa Fe Pacifica Senior Living employee Jeremy Soto, he found Joyce laying on the floor.  According to Mr. Soto, Rita and Joyce "had ongoing issues for as long as he could remember" and Joyce had told Rita to stop following her when Rita pushed Joyce.

49.     In self-defense, Joyce pushed back at Rita and told her to "get away", when Rita pushed Joyce one final time where she fell hard on the floor.

50.     In the minutes after, Joyce left a voicemail for Kari indicating "I'm hurting real bad."

51.     On February 22, 2020 Joyce was transported by ambulance to Santa Fe Presbyterian Medical Center. On February 23, Joyce's condition rapidly deteriorated and she was transported to Albuquerque's Presbyterian Rust Medical Center by special medical transport. She died the next day, on February 24, 2020 at Presbyterian Rust Medical Center.

52.     The OMI ruled Joyce's death a "**Homicide**" as a result of "blunt hip trauma."

## COUNT I - WRONGFUL DEATH

53.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as if fully set forth herein.

54.     The acts and omissions of Defendants, and each of them, individually and through

12

their agents and employees, were wrongful and negligent and were the proximate cause of Joyce Lenz's death.

55.     Plaintiff is entitled to recover all damages legally available under the New Mexico Wrongful Death Act, NMSA §41-2-1 and §41-2-3, including the loss of enjoyment of life, the monetary worth of his extreme pain and suffering, the reasonable expenses of necessary medical care and treatment and of funeral and burial, together with all other damages that are fair and just.

56.     The actions of Defendants, individually and through their agents or employees, were malicious, willful, reckless, and/or done with wanton disregard for Joyce Lenz, giving rise to punitive damages against these Defendants.

## COUNT II – NEGLIGENCE

57.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as if fully set forth herein.

58.     Defendants owed a duty to their residents, including Joyce Lenz, to provide care, treatment and services within accepted standards of care of adult residential care facilities and/or assisted living facilities.

59.     Defendants owed a duty to their residents, including Joyce Lenz, to hire, train, and supervise employees to deliver care and services to residents in a safe and beneficial manner.

60.     Defendants owed a duty to their residents, including Joyce Lenz, to properly assess residents' health conditions in a safe and beneficial manner.

61.     Defendants breached the duty owed to their residents, including Joyce Lenz, and were negligent in their care and treatment of Joyce Lenz, through their acts or omissions, which include, but are not limited to, the following:

      a.  Failure to adequately train, educate, assess, evaluate, and supervise personnel so as to ensure that Joyce Lenz received appropriate care and supervision, in accordance with

13

Defendants' policies and procedures, state laws and regulations;

b. Failure to provide Joyce Lenz with basic and necessary care, treatment and supervision;

c. Failure to assess and properly respond to significant changes in Joyce Lenz's health condition;

d. Failure to protect Joyce Lenz from harassment and physical abuse by other residents;

e. Failure to treat Joyce Lenz with dignity, kindness and respect;

f. Making false, misleading and deceptive representations as to the quality of care, treatment and services provided by Defendants to their residents, including Joyce Lenz;

g. Failure to adequately hire, train, educate and supervise and retain a sufficient amount of competent and qualified personnel in said facility to assure that Joyce Lenz received care, treatment and services in accordance with the Defendants' policies and procedures, standard of care, state laws and regulations;

h. The failure to provide a sufficient number of qualified personnel at Santa Fe Pacifica Senior Living to ensure that Joyce Lenz and other residents received and/or were provided with:

i. timely, thorough and accurate assessments;

ii. accurate and updated plans of care;

iii. prescribed treatment and medication;

iv. necessary supervision;

v. necessary equipment and furniture; and

vi. timely and appropriate nursing and medical intervention;

i. The failure to provide nursing personnel sufficient in number to provide timely,

14

thorough and accurate assessments, prepare and implement appropriate plans of care and provide proper treatment to protect Joyce Lenz and other residents, and to prevent falls;

j.  The failure to provide nursing personnel sufficient in number to ensure that Joyce Lenz attained and maintained his highest level of physical, mental and psychosocial well-being;

k.  The failure to provide adequate supervision of the staff so as to ensure that Joyce Lenz received adequate and proper care, received sufficient nursing observation, and received examination of the responses, symptoms, and progress in her physical condition;

l.  The failure to maintain medical and nursing records for Joyce Lenz in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

   i.  the diagnosis of Joyce Lenz;

   ii.  the treatment of Joyce Lenz;

   iii.  the assessment and establishment of appropriate plans of care and treatment for Joyce Lenz;

   iv.  incidents; and

   v.  other significant changes in Joyce Lenz's health condition; and/or

m.  The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care.

62.  Joyce Lenz's care was under the exclusive control and management of Defendants.

63.  Joyce Lenz's injuries were of a kind which does not ordinarily occur in the absence of negligence on Defendants' part.

15

64.     Pacifica Senior Living, LLC and Pacifica Senior Living Management LLC and their employees, agents and representatives, were involved in the management and administration of Pacifica Santa Fe.  The involvement of these Defendants include but are not limited to budget creation and approval, quality of care, marketing, accounts receivable and accounts payable, receiving direct payment from residents of Pacifica Santa Fe, and are the Management Company referenced on page 19 of the "Residence and Care" document entered into with Kristine Jensen (formerly known as Kristine Orr), Financial Power of Attorney (FPOA) agent for Joyce Lenz.

65.     The injuries and wrongful death of Joyce Lenz are a proximate result of the acts or omissions set forth above, singularly or in combination.

66.     As a direct and proximate result of Defendants' actions and omissions in violation of state laws and regulations and the standard of care, Joyce Lenz and her statutory heirs under the Wrongful Death Act suffered the following damages: the reasonable expenses of her medical care and treatment; the reasonable expenses of her funeral and burial; the monetary worth of his pain and suffering; and the monetary worth of her life and loss of the value of her life.

## COUNT III - NEGLIGENT OR INTENTIONAL MISREPRESENTATION

67.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as full set forth herein.

68.     Around the time of Joyce Lenz's admission to Pacifica Senior Living Santa Fe, and on numerous occasions thereafter, the Defendants represented to the Plaintiff, the public and to state agencies that they had sufficient numbers of nurses and nurse aides on staff at the facility to provide proper care and treatment to Joyce Lenz and other residents at the facility.

69.     Around the time of Joyce Lenz's admission to Pacifica Senior Living Santa Fe, and on numerous occasions thereafter, Defendants made representations about the quality of care Joyce Lenz would receive at Pacifica Senior Living Santa Fe to the Plaintiff, the public and to state agencies.

16

70.     The above representations were in fact false, and the Defendants knew, or should have known, that they were false at the time the representations were made. The Defendants intended to induce Plaintiff and/or her agents and representatives to act or refrain from acting in reliance upon the representations.

71.     As a direct and proximate result of Defendants' misrepresentations, Joyce Lenz and her family were denied the accurate information to which they were entitled to and needed to ensure that Joyce Lenz received adequate care in a secure and safe environment while at Pacifica Senior Living Santa Fe.

72.     Plaintiff justifiably relied upon the representations in acting or refraining from acting and as a result sustained damages.

73.     As a direct and proximate result of Defendants' misrepresentations, Joyce Lenz did not receive the necessary medical treatment and nursing care she needed in a safe and secure living environment, which caused her great pain and suffering.

74.     The misrepresentations of Defendants directly and proximately caused or contributed to Joyce Lenz's injuries.

75.     As a direct and proximate result of Defendants' misrepresentations, Joyce Lenz suffered damages, which are incorporated herein by reference.

## COUNT IV - VIOLATION OF THE UNFAIR TRADE PRACTICES ACT

76.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as full set forth herein.

77.     Upon information and belief, Defendants held the Pacifica Senior Living Santa Fe facility out to Joyce Lenz and her family as being a facility that provided services that would meet, if not exceed, the standards of care established for adult residential care facilities and/or assisted living facilities, and would be able to meet the care needs of Joyce Lenz.

78.     The actions of Defendants, as set forth herein, constitute unfair, deceptive, or unconscionable trade practices prohibited by NMSA 1978, §§ 57-12-1 through 57-12-20.

79.     Defendants, through agents and employees, violated the Unfair Trade Practices Act by knowingly engaging in unfair, deceptive or unconscionable trade practices in one or more of the following ways:

   a. making false or misleading oral or written statements or other representations in connection with the sale of its services, which tended to or did deceive or mislead Joyce Lenz and his family, including, but not limited to:

      i. representing that their services have characteristics that they did not have, in violation of NMSA 1978, § 57-12-2 (D)(5) and NMSA 1978, § 57-12- 3;

      ii. representing that their services were of a particular standard, quality or grade when they were not of such standard, quality or grade, in violation of NMSA 1978, § 57-12-2 (D)(7) and NMSA 1978, § 57-12-3; and

      iii. failing to provide the quality of services contracted for by Joyce Lenz and her family, in violation of NMSA 1978, § 57-12-2 (D)(17) and NMSA 1978, § 57-12-3.

   b. engaging in acts or practices in connection with the offering of services for sale, to the detriment of Joyce Lenz and her family:

      i. took advantage of the lack of knowledge, ability, experience or capacity of Joyce Lenz and her family to a grossly unfair degree, in violation of NMSA 1978, § 57-12-2 (E) (1) and NMSA 1978, § 57-12-3; or

      ii. resulted in a gross disparity between the value received by Joyce Lenz and the price paid for the contracted services, in violation of NMSA 1978, § 57-12-2 (E) (2) and NMSA 1978, § 57-12-3.

80.     As a direct and proximate result of the willful, unfair, deceptive, or unconscionable trade practices of Defendants, Joyce Lenz was harmed.

81.     Defendants should pay an amount necessary to punish and deter Defendants from engaging in false advertising as well as attorneys' fees.

## COUNT V - PUNITIVE DAMAGES

82.     Plaintiff realleges and incorporates all allegations contained in the above paragraphs, as full set forth herein.

83.     As a direct and proximate result of the negligence and other wrongful conduct of the Defendants as set out above, Joyce Lenz suffered injuries including, but not limited to left femur fracture; urinary tract infection (UTI) with e. coli; shock, hypoxia, and acute renal failure; blunt hip trauma; focal subscapular hemorrhage of the left frontal region of the scalp; pain, suffering, and anxiety; mental anguish; humiliation; and wrongful death.

84.     The longevity, scope and severity of Defendants' failures and actions and their deliberately indifferent actions with regard to the welfare and safety of residents, such as Joyce Lenz, constitute gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct.

85.     Such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Joyce Lenz, entrusted to their care. Moreover,

such conduct evidences such little regard for their duties of care, good faith and fidelity owed to Joyce Lenz as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Joyce Lenz's rights and welfare.

86.     Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests relief from this Court as follows:

1.  For damages to be determined by the jury, in an amount to adequately compensate Plaintiff for all injuries and damages sustained;

2.  For the costs of litigating this case;

3.  Attorney fees and treble damages;

4.  For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such conduct; and

5.  For all other relief to which Plaintiff is entitled under New Mexico law.

Respectfully submitted by:

*/s/ Feliz A. Rael (electronically filed)*
Feliz Angelica Rael
1201 Lomas Ste. C
Albuquerque, NM  87102
Tel: 505-610-5991 Fax:  505-938-2301
frael@swcp.com

and

Gregory W. MacKenzie, Esq.
Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
4155 Montgomery Blvd. NE
Albuquerque, NM 87109
Tel: 505-888-1188 Fax: 505-888-9215
greg@hurleyfirm.com

*Attorneys for Petitioner*

20

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/28/2021 4:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

       Plaintiff,

v.                           No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO

       Defendants.                Case assigned to Wilson, Matthew Justin

## JURY DEMAND

     Plaintiff, by and through her counsel, hereby demands trial by a jury of six (6)

persons on all issues in the matter.

                    Respectfully submitted,

                    Feliz Angelica Rael
                    1201 Lomas Blvd NW, Ste C
                    Albuquerque, New Mexico 87102
                    Tel: (505) 610-5991  Fax:  (505) 303-2074

                    and

                    Gregory W. MacKenzie, Esq.
                    Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
                    4155 Montgomery Blvd. NE
                    Albuquerque, NM 87109
                    Tel: 505-888-1188 Fax: 505-888-9215
                    greg@hurleyfirm.com

                    ATTORNEYS FOR PLAINTIFF

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/28/2021 4:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

       Plaintiff.

vs.                          No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,

PACIFICA SENIOR LIVING MANAGEMENT LLC, and

DEEPAK ISRANI, President and CEO,

                                   Case assigned to Wilson, Matthew Justin

       Defendants.

## COURT ANNEXED ARBITRATION CERTIFICATE

Plaintiff, through their attorneys, and pursuant to LR2-603, certifies as follows:

[ ]    This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

[ X ]    This party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

                    Respectfully submitted,

                    Feliz Angelica Rael
                    505 Marquette NW, Suite 1300
                    Albuquerque, New Mexico 87102
                    Tel: (505) 610-5991  Fax:  (505) 938-2301

                    and

Gregory W. MacKenzie, Esq.
Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
4155 Montgomery Blvd. NE
Albuquerque, NM 87109
Tel: 505-888-1188 Fax: 505-888-9215
greg@hurleyfirm.com


ATTORNEYS FOR PLAINTIFF

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/28/2021 4:38 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

        Plaintiff.

vs.                              No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

        Defendants.           Case assigned to Wilson, Matthew Justin

## MOTION FOR APPOINTMENT OF PERSONAL REPRESENTATIVE PURSUANT TO § 41-2-3, NMSA 1978

Pursuant to § 41-2-3 NMSA 1978, Kristine Jensen, moves the Court for an Order appointing her as Personal Representative of the Wrongful Death Estate of Joyce Lenz for the purposes of investigating and pursuing a wrongful death action, and as grounds states:

1. The best interests of the Estate would be served by Ms. Jensen's appointment.

2. Ms. Jensen is Ms. Lenz's daughter.

3. Petitioner files this petition pursuant to § 14-2-1 NMSA 1978, et seq.

4. Decedent was a resident of Santa Fe County, New Mexico; thus, jurisdiction and venue are proper.

5. As set out by the New Mexico Court of Appeals in *In re The Estate of Kirsten Sumler*, 2003-NMCA-30, this Court should appoint a Wrongful Death Personal Representative:

Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code … We take this opportunity to reemphasize that appointment as the personal representative of a decedent's estate is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3 personal representative: the power to enter a judgment appointing a Section 41-2-3

personal representative "flows from the wrongful death statute itself and not from the probate, or estate, laws." Henkel, 49 N.M. at 47, 156 P.2d at 791 … In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, *Chavez v. Regents of the University of New Mexico*, 103 N.M. 606, 711 P.2d 883 (1985), we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself, see Rules 1-002 and 1-018(A) NMRA 2002; NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in the forum where the wrongful death action is brought. *In re: the Estate of Kirsten Sumler*, 2003-NMCA-30 {2}, {9}, {10}, 62 P.3d 776 (emphasis added).

6.  Pursuant to New Mexico law, in particular § 41-2-3 NMSA 1978, a statutory wrongful death claim is to be pursued by a personal representative or representatives possess by authority to pursue such claim. The New Mexico Supreme Court, in *Mackey v. Burke*, 102 N.M. 294 (1984), concluded:

    1) Plaintiff's powers as administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statutes, not probate law. 2) A wrongful death action has no relation to the estate. 3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties. 4) "The term 'personal representative' is used simply to designate the agency, the trustee, the person, who may prosecute this particular character of statutory action." 5) The personal representative is a "nominal party" in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

    Cases after Henkel make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. * * * Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits could be unending and contradictory. The Legislature has given the personal representative power to sue as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute." (Citations omitted).

7.  Petitioner is an appropriate person to act as Personal Representative in this wrongful death action. See *Chavez v. Regents of Univ. of N.M.*, 103 N.M. 606 (1985). *Chavez* instructs:

    It is merely "incidental" that a "personal representative" is named to bring a wrongful death action…The personal representative is only a nominal party who was selected

by the Legislature to act as the statutory trustee for the individual statutory beneficiaries.

[…]

Although a wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act. Id. at 608-09 (citations omitted). The Personal Representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirement." Id. at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." Id.

8. Petitioner has been advised as to the requirements of the Wrongful Death Act, particularly as to the priorities regarding statutory beneficiaries of a wrongful death claim.

9. Petitioner recognizes the duties under the Wrongful Death Act and agrees to comply with them and to serve as a statutory trustee for the discoverable and identifiable beneficiaries as required by law. All statutory beneficiaries have been notified and agree to Ms. Jensen's appointment.

10. To the best of Petitioner's knowledge, no other person is acting as a personal representative for the purpose of pursuing a wrongful death claim on behalf of the Estate, nor has any other Wrongful Death Complaint been filed.

WHEREFORE, Ms. Jensen prays that she be appointed Personal Representative for Joyce Lenz, deceased, for the purpose of pursuing a wrongful death action under the Wrongful Death Act, and for such other and further relief as may be proper.

Respectfully submitted by:

_____
Feliz A. Rael
505 Marquette NW, Suite 1300
Albuquerque, New Mexico 87102
Tel: (505) 610-5991    Fax: (505) 938-2301
frael@swcp.com

3

and

Gregory W. MacKenzie, Esq.
Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
4155 Montgomery Blvd. NE
Albuquerque, NM 87109
Tel: 505-888-1188 Fax: 505-888-9215
greg@hurleyfirm.com

Attorneys for Petitioner

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/8/2021 3:47 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana M Villalobos

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

    Plaintiff.

vs.            No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

    Defendants.

<u>NOTICE OF PEREMPTORY EXCUSAL OF JUDGE</u>

   Pursuant to Rule 1-088.1, NMRA 2017, Plaintiff hereby exercises her right of peremptory

challenge to excuse Judge Matthew Justin Wilson from assignment to this matter.

        Respectfully submitted by:

        */s/ Feliz A. Rael (electronically filed)*
        Feliz Angelica Rael
        1201 Lomas Ste. C
        Albuquerque, NM  87102
        Tel: 505-610-5991 Fax:  505-938-2301
        frael@swcp.com

        and

        Gregory W. MacKenzie, Esq.
        Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
        4155 Montgomery Blvd. NE
        Albuquerque, NM 87109
        Tel: 505-888-1188 Fax: 505-888-9215
        greg@hurleyfirm.com

Insert text here

        *Attorneys for Plaintiff*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/13/2021 2:27 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**D-101-CV-2021-02098**

**JOYCE LENZ, DECEASED,**
**BY THE PERSONAL REPRESENTATIVE**
**OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN,**
     Plaintiff,

vs.

**PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,**
**PACIFICA COMPANIES LLC,**
**PACIFICA SENIOR LIVING LLC**
**PACIFICA LIVING MANAGEMENT LLC, and,**
**DEEPA ISRANI, President and CEO,**
     Defendants.

## NOTICE OF JUDGE ASSIGNMENT

  The above referenced cause has been reassigned to District Court **Judge Bryan Biedscheid, Division VI,** effective **October 8, 2021** due to the **excusal** of District Court **Judge Matthew Wilson, Division IX**.

        **KATHLEEN VIGIL**
        **Clerk of the District Court**
        By: /s/ **Marina Sisneros**
        **Deputy**

## CERTIFICATE OF MAILING

  I hereby certify that a true and correct copy of the foregoing was served electronically to counsel listed as Service Contacts in File & Serve to parties entitled notice on this **13th day of October, 2021**.



        KATHLEEN VIGIL
        CLERK OF THE DISTRICT COURT


        BY: Marina Sisneros
        Deputy

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/16/2021 11:15 AM
KATHLEEN VIGIL CLERK OF THE COURT
Bernadette Hernandez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

       Plaintiff.

vs.                             No. D-101-CV-2021-02098

PACIFICA ROSEMONT LLC d/b/a PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

       Defendants.

## ORDER APPOINTING PERSONAL REPRESENTATIVE PURSUANT TO § 41-2-3, NMSA 1978

THIS MATTER comes before the Court on the Motion for Appointment as Personal Representative of the Wrongful Death Estate of Joyce Lenz pursuant to the New Mexico Wrongful Death Act, and the Court having considered the Petition finds:

1. The Motion for Appointment of Personal Representatives pursuant to the Wrongful Death Act is complete.

2. On the basis of the statements in the Petition, this Court has jurisdiction over this appointment.

3. The Petitioner is an appropriate person to serve as Personal Representative.

NOW, THEREFORE, IT IS ORDERED as follows:

1. The Motion is hereby granted.

2. Kristine Jensen is hereby appointed as Personal Representatives pursuant to the New Mexico Wrongful Death Act to represent the interests of the statutory beneficiaries of Joyce Lenz, deceased.


THE HONORABLE BRYAN BIEDSCHEID

_____

District Court Judge



Submitted and approved:



Feliz A. Rael
505 Marquette NW, Ste. 1300
Albuquerque, NM  87102
Tel:  505-610-5991 Fax: 505-938-2301
frael@swcp.com

and

Gregory W. MacKenzie, Esq.
Hurley, Toevs, Styles, Hamblin, & Panter, P.A.
4155 Montgomery Blvd. NE
Albuquerque, NM 87109
Tel: 505-888-1188 Fax: 505-888-9215
greg@hurleyfirm.com

ATTORNEYS FOR PLAINTIFF