## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

—————————————

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE,
KRISTINE JENSEN,

      Plaintiff,

      v.                          Case No. 1:21-cv-01182-KWR-SMV

PACIFICA ROSEMONT LLC, d/b/a
PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand and Attorney Fees for Wrongful Removal, or In the Alternative, Motion for Leave to File an Amended Complaint (**Doc. 16**), filed January 11, 2022. Having reviewed the pleadings and applicable law, the Court finds that Plaintiff's Motion is **NOT WELL-TAKEN**, and therefore, is **DENIED**.

### BACKGROUND

This case is a wrongful death suit arising from an incident that occurred in an assisted living facility. On February 24, 2020, Joyce Lenz died as a result of blunt force trauma she sustained in a fall two days earlier. *See* **Doc. 1-1, Ex. A, ¶¶ 48–51**. Ms. Lenz had been a resident of Pacifica Senior Living Santa Fe, an assisted living facility, from December 28, 2017 to February 22, 2020. *Id.* **¶ 1**. Starting in 2019, another facility resident began to engage in altercations with Ms. Lenz.

1

*Id.* ¶ **43**.  On more than one occasion, this facility resident was observed initiating a dispute with Ms. Lenz and striking her in the face and head.  *Id.* ¶¶ **43–45**.  Some of these incidents were observed and documented by the facility's staff, however, staff members allegedly did not intervene to prevent this facility member from interacting with Ms. Lenz.  *Id.* ¶¶ **44, 46**.

On February 22, 2020, the same facility resident entered Ms. Lenz's room against her wishes, initiated a dispute, and pushed Ms. Lenz twice.  *Id.* ¶¶ **47–49**.  The second push resulted in the fatal fall, and Ms. Lenz's death was later ruled a homicide.  *Id.* ¶ **52**.  Plaintiff Kristine Jensen, in her capacity as Personal Representative of the Wrongful Death Estate of Ms. Lenz, filed suit in the First Judicial District Court, Santa Fe County, State of New Mexico alleging the following claims against Defendants, Pacifica Senior Living Santa Fe, its President, and associated entities:

Count I:      Wrongful Death

Count II:     Negligence

Count III:    Negligent or Intentional Misrepresentation

Count IV:    Violation of the New Mexico Unfair Trade Practices Act

Count V:     Punitive Damages

Defendants removed this case from state court on the basis of diversity jurisdiction on December 13, 2021.  **Doc. 1**.  Plaintiff now seeks to remand this case.  **Doc. 16**.

**DISCUSSION**

Plaintiff seeks to remand this case to state court on the grounds that: (1) Defendants' removal was untimely, **Doc. 16, at 3 n.1**, **Doc. 19, at 1**; and (2) Defendant Pacifica Rosemont, LLC is a citizen of New Mexico, like Plaintiff, and therefore, complete diversity is lacking.  In the alternative, Plaintiff seeks leave to file an amended complaint to assert claims against an additional defendant.  *See* **Doc. 16, at 8–10**.  The Court concludes that the notice of removal was timely,

diversity jurisdiction exists, and therefore, remand is inappropriate.  Additionally, the Court denies Plaintiff's request to join the proposed non-diverse defendant.

**I.    <u>The Removal was Timely.</u>**

Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, a notice of removal must be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  A defect in the removal procedure may form the grounds for remand of a case, *id.* § 1447(c), and an untimely removal notice constitutes a defect in removal procedure warranting remand.  *See McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

There is a presumption against removal jurisdiction.  *See Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).  "Courts should…presume that the plaintiff may choose his or her forum."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  Thus, the removing party has the burden to demonstrate the appropriateness of removal from state to federal court.  *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

Plaintiff contends that Defendants notice of removal was untimely because it was not filed within 30 days.  *See* **Doc. 16, at 3 n.1**; **Doc. 19, at 1**.  Plaintiff argues that "the Complaint was emailed on November 12, 2021," and Defendants' notice of removal was filed on December 13, 2021.  *See* **Doc. 19, at 2**; **Doc. 16, Ex. 2, at 13**.  Thus, Plaintiff asserts that because notice was

filed 31 days after Defendants' receipt of the complaint, Defendants' removal was untimely.  *See* **Doc. 19, at 2**.

In response, Defendants note that on November 12, 2021, Plaintiff's counsel requested that defense counsel accept service of process on behalf of Defendants, but defense counsel replied that she was "not authorized" to do so.  *See* **Doc. 17, at 3**; **Doc. 16, Ex. 2, at 13**.  However, on November 15, 2021, defense counsel informed Plaintiff's counsel that she was now permitted to accept service on behalf of Defendants.  *See* **Doc. 17, at 3**; **Doc. 17-1, Ex. A, at 1**.  Defense counsel asked whether November 15 shall be "consider[ed]…the date of service," but allege that Plaintiff's counsel did not respond to this inquiry.  *See* **Doc. 17, at 3**.  Thus, Defendants argue that they filed the notice of removal "within thirty days of the reasonably understood date of service," November 15, 2021.  *See* **Doc. 17, at 3**.

The Court must reject Plaintiff's arguments.  The complaint was originally filed in state court, therefore, the Court looks to New Mexico rules.  The New Mexico rules of service of process do not provide for service by email.  *See* N.M. R. Civ. P. Dist. Ct. 1-004(E), (G).  Thus, Plaintiff's act of emailing the complaint to counsel for Defendants did not automatically constitute service such that the deadline for removal was triggered.  *See* N.M. R. Civ. P. Dist. Ct. 1-004(G) (specifying who may receive service on behalf of a corporation or other business entity); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is [not] triggered…by mere receipt of the complaint unattended by any formal service.").

Further, even if Defendants consented to service by the means utilized by Plaintiff, this Court cannot find that Plaintiff effected service or otherwise on Defendants on November 12,

2021.  The correspondence shows that Defendants' counsel did not consent to accept service on Defendants' behalf until November 15, 2021.  *See* **Doc. 16, Ex. 2, at 13**.  Moreover, even if the Court treated November 12 as the date of service, Plaintiff's argument must still fail.  Here, Defendants' time to remove would expire 30 days from then, on December 12, 2021.  Yet, because December 12 was a Sunday, Defendants had until the next day, Monday, to file.  *See* Fed. R. Civ. P. 6(a)(1)(C) ("[C]ount every day…but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").  Therefore, Defendants' notice of removal filed on Monday, December 13, 2021 was timely.

## II.     The Parties are Completely Diverse.

Federal courts are courts of limited jurisdiction.  Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In seeking removal, the removing party has the burden of proving both of these elements.  *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

The sole issue is the citizenship of Defendant Pacifica Rosemont, LLC.[1]  Diversity of citizenship exists where the citizenship of all defendants is different from the citizenship of all plaintiffs.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).  Generally, a corporation is a citizen of every State in which it has been incorporated and the State where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 713 (10th Cir. 2012).  However, determining the citizenship of a limited liability

---

[1] Plaintiff admits that the amount in controversy exceeds $75,000.  *See* **Doc. 16, at 3 n.2**; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

company is different from determining the citizenship of a corporation, based on a clear distinction between corporations and other entities that are not corporations. Thus, the citizenship of any non-corporate "artificial entity" is determined by examining "the citizenship of all the members [or] the several persons composing such association." *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (internal quotations and citations omitted).

It is settled in the Tenth Circuit that the citizenship of a limited liability company is determined by the citizenship of its members, and not by its place of incorporation or principal place of business. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (rejecting the defendant's request to determine the citizenship of an Oklahoma limited liability company "by reference to its state of organization and principal place of business" and "join[ing] all other circuits" to find that a limited liability company "takes the citizenship of all its members"). Therefore, even if a limited liability company possesses "unique features" or state law "makes the entity more like a corporation" or "corporate-like," the Court must "determine citizenship based on that of the entity's members unless the entity has been formed as a traditional corporation under the relevant state law." *See Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016).

Plaintiff argues that based on Pacifica Rosemont's incorporation documents, the Court must find that it is a citizen of New Mexico, even if its members are also citizens of California. *See* **Doc. 16, at 2, 6–7**. Plaintiff also argues that the doctrine of judicial estoppel must be applied to preclude Pacifica Rosemont "from claiming to be a citizen of any state other than New Mexico since it has affirmatively held itself out as a New Mexico citizen in other litigation proceedings." *Id.* **at 6**. Plaintiff's arguments are unavailing.

Here, Defendant Pacifica Rosemont is a limited liability company, not a corporation. *See* **Doc. 8**. Plaintiff does not dispute that the members of Pacifica Rosemont are all citizens of California, instead Plaintiff contests the law on this issue. Despite Pacifica Rosemont's incorporation and principal place of business in the State of New Mexico, **Doc. 16, Ex. 3, at 14**, the Court looks only to the citizenship of its members. *See* **Doc. 1, at ⁋ 15**. Therefore, the Court must find that Defendant Pacifica Rosemont is a citizen of California.

Plaintiff's reliance on 28 U.S.C. § 1332(d)(10) to support the position that Pacifica Rosemont is also a citizen of New Mexico is misplaced. Section 10 provides that "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Id.* Notably, 28 U.S.C. § 1332(d) governs diversity jurisdiction under the Class Action Fairness Act. The Class Action Fairness Act expands the scope of diversity jurisdiction over class actions and contains several exceptions that are contrary to traditional jurisdictional and procedural rules. Given the nature of the instant proceedings, § 1332(d)(10) does not apply.

Additionally, Plaintiff fails to establish that judicial estoppel may be applied to this case. Plaintiff points to an unrelated foreclosure suit filed by Pacifica Rosemont in New Mexico state court where the company stated in the complaint: "Pacifica is a New Mexico limited liability company." *See* **Doc. 16, Ex. 4, at 17 ⁋ 2**. Under the doctrine of judicial estoppel,

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Sain v. EOG Res., Inc.*, 204 F. App'x 739, 742 (10th Cir. 2006) (internal alterations omitted) (quoting *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005)). However, the doctrine must only be applied "in the narrowest of circumstances and should be limited to

situations where a party was successful in persuading a court to accept his earlier position." *Id.* (emphasis and internal quotations omitted). Relevant here, Pacifica Rosemont's citizenship was not at issue in the foreclosure suit, thus, the state court had neither an opportunity nor a reason to assess the company's citizenship. Therefore, the Court declines to apply the doctrine of judicial estoppel.

In sum, Defendants have met their burden to establish complete diversity of citizenship among the parties. The members of Pacifica Rosemont LLC are citizens of California, and thus, the citizenship of all Defendants is different from the citizenship of Plaintiff. Therefore, the Court denies Plaintiff's motion to remand the case.

## III.   **Plaintiff is Not Entitled to Costs and Fees.**

Plaintiff asks for attorney fees and costs incurred in seeking remand because there was a lack of complete diversity and Defendants lacked an objectively reasonable basis to file a notice of removal. *See* **Doc. 16, at 8**; **Doc. 19, at 3**. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

The Court concludes that Defendants had an objectively reasonable basis for removal, based on existing Tenth Circuit precedent, and Defendants did not remove this case to prolong

litigation or impose costs on Plaintiff.  Therefore, an award of attorney fees and costs to Plaintiff is not justified.

**IV.**   <u>**Plaintiff's Motion to Amend to include the Proposed Defendant is Denied.**</u>

In the alternative, Plaintiff seeks leave to file an amended complaint to assert claims against "Tommy Aragon," the Executive Director or Administrator of Defendant Pacifica Senior Living Santa Fe.  The proposed defendant is allegedly a citizen of New Mexico, like Plaintiff.  *See* **Doc. 16, at 8**.  Because Plaintiff's proposed amendment would add a non-diverse defendant and destroy diversity, the Court must analyze the proposed joinder under 28 U.S.C. § 1447(e).

Under § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  "As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties." *McPhail*, 529 F.3d at 951.  To determine whether to add a non-diverse defendant, the Court must first consider "whether the defendant to be added is a required and an indispensable party" under Rule 19 of the Federal Rules of Civil Procedure, and if not, the Court must then determine whether joinder is proper under the discretionary factors of Rule 20.  *See Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 969 (D.N.M. 2018); *McPhail*, 529 F.3d at 951.

Rule 19 provides that a person "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  The parties appear to concede, and the Court agrees, that the proposed defendant, Ms. Aragon, is not an indispensable party.  *See* **Doc. 16, at 5** ("Aragon…is probably not an indispensable party and Rule 20 governs the analysis of permissive joinder."); **Doc. 17, at 10** ("The prospective defendant in this case, is not a necessary party to this lawsuit."); *see also Hernandez*, 347 F. Supp. 3d at 970 (emphasizing that a required party is only one "whose joinder will not deprive the court of subject-matter jurisdiction"); *Foy v. State Farm Mut. Auto. Ins. Co.*, No. 117CV00992PJKSCY, 2018 WL 2107791, at *2 (D.N.M. May 7, 2018) ("[J]oint tortfeasors are permissive, rather than necessary, parties.").

Because Ms. Aragon is not an indispensable party, the Court turns to Rule 20, which governs the permissive joinder of parties.  Fed. R. Civ. P. 20(a)(2).  When making a decision whether to allow the permissive joinder of a party, the Court must consider "[1] whether the amendment will result in undue prejudice, [2] whether the request was unduly and inexplicably delayed, and [3] whether it was offered in good faith."  *See Hernandez*, 347 F. Supp. 3d at 973 (internal alterations omitted) (quoting *McPhail*, 529 F.3d at 952).  Other relevant factors include the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.  *See Romero v. Hartford Cas. Ins. Co.*, No. 1:16-CV-1335-RB-LF, 2017 WL 8220447, at *5 (D.N.M. Aug. 3, 2017).  The Court may also consider Rule 15, which directs that leave shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

Whether to permit joinder is within the sound discretion of the trial court. *See State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). "If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it may deny joinder." *McPhail*, 529 F.3d at 952 (internal quotations omitted).

Defendants argue that Plaintiff "seeks to name the prospective defendant in an amended pleading at this time merely to manipulate jurisdiction and venue." *See* **Doc. 17, at 12**. Defendants assert that Plaintiff "knew about the prospective defendant long before she ever filed her lawsuit," and thus, if Plaintiff had any good faith basis to name the proposed defendant, "she surely would have done so when she filed the original Complaint." *Id.* Defendants argue that this Court "should consider Plaintiff's inexplicable delay in naming the prospective defendant and whether considering the time of her request, [it was] made in good faith." *Id.*

Plaintiff contends that "mere delay (without more) should not justify the denial of a motion to amend" and that these proceedings are "still at its earliest stages." *See* **Doc. 16, at 9**. Plaintiff argues that the proposed defendant was not named in the complaint because Plaintiff "suspect[ed] that [Ms. Aragon] may have a legal name that is different than 'Tommy' Aragon, as she sometimes signs her name a 'C. Tommy Aragon' and 'Tommy' is commonly use[d] as a nickname." *Id.*; **Doc. 19, at 4**. Plaintiff further argues if she is "forced to pursue her claims against Ms. Aragon in a separate action in Santa Fe District Court, it will result in inconsistent rulings compared to this proceeding." **Doc. 19, at 4**.

Here, after consideration of these factors, the Court denies Plaintiff's motion to amend. First, there is no evidence that Defendants would suffer undue prejudice. Defendants will face little potential prejudice because this case has not progressed so far that the amendment and

resulting remand would disrupt any potential defenses.  Additionally, the parties have yet to begin discovery or serious motions practice.  *See Haynes v. Peters*, 403 F. Supp. 3d 1072, 1088 (D.N.M. 2019).  Therefore, this factor weighs in favor of granting the amendment.

Second, the Court cannot conclude that there has been undue delay or that Plaintiff has been dilatory in seeking an amendment.  Plaintiff filed this motion seeking leave to amend the complaint nearly four months after this action commenced, but before any formal discovery took place.  Still, there is some evidence that Plaintiff's proposed amendment was inexplicably delayed, and relatedly, the Court has some concerns about the motives underlying the request to join Ms. Aragon and whether the joinder was offered in good faith.  Plaintiff alleges that Ms. Aragon was not named in her original complaint because she "recently" discovered her identity.  *See* **Doc. 19, at 4**.  However, this argument is unconvincing.

The evidence presented shows that Plaintiff has been aware of Ms. Aragon under her utilized names, "Tommy" or "Carla" Aragon, since late 2020.  *See* **Doc. 17-3, Ex. C, at 1** (letter from Plaintiff's counsel to "Administrator Carla Aragon" dated July 30, 2020); **Doc. 17-4, Ex. D, at 7** (patient narrative notes written by "Tommy Aragon" provided to Plaintiff's counsel on November 30, 2020).  Thus, it appears that Ms. Aragon's identity is not a recent discovery.  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  *State Distributors*, 738 F.2d at 416.

Further, when "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).  There is no indication that Plaintiff made any early inquiries

to determine whether "Tommy" and "Carla" Aragon were the same individual, and it appears that Plaintiff made no effort to assert claims against Ms. Aragon until shortly after the case was removed to this Court.[2]  *Compare Trejo v. Safeway Ins. Grp.*, No. 14-CV-913 GBW/SCY, 2015 WL 12856123, at \*4 (D.N.M. Mar. 27, 2015) ("It is undisputed that Plaintiff's claim against [defendant] Dale Bro existed at the time she filed her complaint in state court. She points to no newly discovered evidence or law that would explain his omission in her original complaint.") *with Romero*, 2017 WL 8220447, at \*6 ("Plaintiff's well-pled factual allegations establish that he made unsuccessful efforts to ascertain the identity of the individual who inspected his business prior to removal…[and] Plaintiff's motion to amend was thus brought within 1½ months of learning the identity of John Doe.").   Therefore, on the whole, these factors weigh against permitting the amendment.

The Court also considers other equitable factors.  Particularly, Plaintiff will be injured if forced to pursue a parallel state action in this matter, and that the outcome of that suit may be inconsistent with the instant proceedings.  However, Plaintiff could obtain complete relief without the addition of Ms. Aragon, as Defendants would be vicariously liable for the conduct of its agent or employee.  Accordingly, this factor weighs against allowing the addition of a party which would defeat this Court's diversity jurisdiction.

In sum, having analyzed the applicable factors under 28 U.S.C. § 1447(e), the Court will exercise its discretion to deny Plaintiff's motion to amend the complaint in order to join a non-diverse party.

---

[2] And notwithstanding the "common[ness]" of the Aragon name, *see* **Doc. 19, at 4 n.1**, Plaintiff named neither "Tommy Aragon" or "Carla Aragon" in her initial complaint.

## CONCLUSION

The Court finds that Defendants timely removed this case, and there is complete diversity jurisdiction such that remand is improper.  Additionally, the Court denies Plaintiff's request to join a non-diverse party.  The Court also declines to award attorneys' fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Attorney Fees for Wrongful Removal, or In the Alternative, Motion for Leave to File an Amended Complaint (**Doc. 16**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**