# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE,
KRISTINE JENSEN,

        Plaintiff,

        v.                                    Case No. 1:21-cv-01182-KWR-SMV

PACIFICA ROSEMONT LLC, d/b/a
PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES LLC,
PACIFICA SENIOR LIVING LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC, and
DEEPAK ISRANI, President and CEO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Pursuant to Rule 41(a)(1)(B)[1] (**Doc. 23**), filed March 7, 2022. Having reviewed the pleadings and applicable law, the Court finds that the motion is well-taken, and therefore, is **GRANTED**. Accordingly, Defendants' Opposed Motion to Consolidate (**Doc. 24**) is **DENIED AS MOOT**. However, the Court awards Defendants' reasonable attorneys' fees and costs that represents work that could not be used in the subsequent litigation on these same claims.

## BACKGROUND

This case is a wrongful death suit arising from an incident that occurred in an assisted living facility. On February 24, 2020, Joyce Lenz died as a result of blunt force trauma she sustained in

---

[1] Plaintiff cited Federal Rule of Civil Procedure 41(a)(1)(B), but a review of Plaintiff's pleadings shows that she intended to invoke Rule 41(a)(2).

a fall. Ms. Lenz had been a resident of Pacifica Senior Living Santa Fe, an assisted living facility, from December 28, 2017 to February 22, 2020. A resident of the facility frequently initiated disputes with Ms. Lenz, and it was during one of these disputes that Ms. Lenz suffered the fatal fall. Ms. Lenz's death was later ruled a homicide. Plaintiff Kristine Jensen, in her capacity as Personal Representative of the Wrongful Death Estate of Ms. Lenz, filed suit in New Mexico state court asserting wrongful death, negligence, negligent or intentional misrepresentation, violation of the New Mexico Unfair Trade Practices Act, and punitive damages against Defendants, Pacifica Senior Living Santa Fe, its President, and associated entities. Defendants timely removed this case from state court on the basis of diversity jurisdiction on December 13, 2021. **Doc. 1**.

On January 11, 2022, Plaintiff sought to remand this case, or in the alternative, to amend the complaint to add a non-diverse party. **Doc. 16**. This Court denied the motion because it found that the parties were diverse, and that Plaintiff sought to amend for the purpose of destroying diversity in order to deprive the Court of jurisdiction over the matter. Following the Court's denial of Plaintiff's motion, Plaintiff filed the same claims in New Mexico state court[2] against Defendants and the one additional, non-diverse party. Plaintiff now seeks to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) in order to proceed solely with the second action.

## DISCUSSION

Under Rule 41(a)(2), once a defendant files either an answer or a motion for summary judgment, "a plaintiff may voluntarily dismiss an action only upon order of the court." *See Ohlander v. Larson*, 114 F.3d 1531, 1536–37 (10th Cir. 1997); Fed. R. Civ. P. 41(a)(2). The

---

[2] On March 3, 2022, Plaintiff filed the second lawsuit in New Mexico's First Judicial District Court. On March 7, 2022, Defendants filed a notice of removal and removed the action to federal court. That matter is now before Chief Judge Johnson, *see* Case No. 1:22-cv-00170-WJ-JFR, and a motion to remand (**Doc. 9**) is pending before that court.

purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotations omitted).  Thus, when considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties."  *Id.* (internal quotations omitted).

To evaluate legal prejudice, relevant factors the Court should consider include: "1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation."  *See Rippetoe v. Taos Living Ctr.*, No. 12-CV-0646 JAP-LFG, 2013 WL 12138880, at *2 (D.N.M. Jan. 8, 2013); *Ohlander*, 114 F.3d at 1536.  "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper."  *Ohlander*, 114 F.3d at 1537.

Additionally, the Court must "consider the equities not only facing the defendant, but also those facing the plaintiff," and must "endeavor to insure substantial justice is accorded to both parties."  *Id.*  However, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."  *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

Plaintiff seeks to dismiss this case "[i]n an effort to achieve judicial economy, to prevent multiple cases and potentially inconsistent rulings," **Doc. 23, at 1**, and argues that Defendants will suffer no legal prejudice.  *See* **Doc. 28, at 3–4**.  Defendants contend that they will suffer prejudice if the case is dismissed, that Plaintiff's second pending complaint "violates the rule against claim

3

splitting," and Plaintiff filed this second complaint only to "side-step[] this Court's Order." *See* **Doc. 26, at 4–5**.

Here, the Court finds that the factors generally favor dismissal.  The first and fourth factors support Plaintiff's request for dismissal because the case is still in its early stages and the parties have not engaged in any discovery at this stage of the proceeding.  Thus, Defendant's effort and expense in preparing for trial will have been minimal.  On the second factor, although the Court previously concluded that there was some evidence that Plaintiff's proposed amendment to join a non-diverse party was inexplicably delayed, the Court does not perceive that Plaintiff has unreasonably delayed the litigation otherwise.  There was no excessive delay or lack of diligence by Plaintiff in bringing this motion, and no summary judgment motion has been filed.

On the third factor, Plaintiff has provided an adequate explanation for the need to dismiss; she seeks to avoid duplicate litigation of the same claims.  Still, the Court agrees with Defendants that the obvious reason Plaintiff seeks a voluntary dismissal is to defeat federal jurisdiction. Nonetheless, prejudice does not arise simply because a second action has been or may be filed against a defendant.  *See Am. Nat. Bank*, 931 F.2d at 1412; *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005); *see also Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999) ("[T]he overwhelming majority of cases that have considered the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant.").  Therefore, the Court will grant Plaintiff's motion to dismiss without prejudice.

Defendants request that if Plaintiff's motion is granted, the Court "impose curative conditions that it deems just and proper under the circumstances."  *See* **Doc. 26, at 7**.  Plaintiff argues that the imposition of fees or costs would not be appropriate "given the fact that if Defendants had simpl[y] agreed to allow Plaintiff to amend her complaint, they would be in the

4

exact same situation they find themselves in now." *See* **Doc. 28, at 5**.  Plaintiff's argument is unpersuasive.

Rule 41(a)(2) gives a court the discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'"  *See Am. Nat. Bank*, 931 F.2d at 1412. "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Id.*  Costs or fees should "typically" be awarded where the plaintiff plans to refile the suit. *See Rippetoe*, 2013 WL 12138880, at *3 (collecting cases); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him.").

Generally, "the attorney's fees awarded upon voluntary dismissal without prejudice should not include expenses for research, discovery, and legal arguments that will be useful in the other suit."  *See Rippetoe v. Taos Living Ctr.*, No. 12-CV-0646 JAP-LFG, 2013 WL 12335250, at *2 (D.N.M. Feb. 7, 2013); *Johnson*, 192 F.R.D. at 229 (finding that "only those fees representing work that could not be used in subsequent litigation on the same claims should be awarded"); *Gonzales v. City of Topeka Kansas*, 206 F.R.D. 280, 283 (D. Kan. 2001) ("[T]he court 'cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily.'").

Here, the Court finds that an award of reasonable fees and costs is an appropriate curative condition.  An action by Plaintiff against Defendants, arising from the same facts and alleging the same legal claims as those in this case, is currently pending.  "[L]egal expenses for any period of time, whether in trial or not, are rarely de minimis," and Defendants have "borne the expense of its attorneys' time in preparing filings in this Court."  *See Rippetoe*, 2013 WL 12138880, at *3;

5

**Doc. 26, at 6** ("Defendants have expended considerable effort and expense in removing Plaintif's claims to federal court and in briefing and obtaining a ruling on Plaintiff's Motion to Remand."). The Court concludes, therefore, that Plaintiff shall pay Defendants reasonable attorneys' fees and costs incurred, limited to expenses Defendants can show represents work that could not be used in the second proceeding. *See Johnson*, 192 F.R.D. at 229 (awarding costs and fees incurred in responding to the plaintiff's motion to amend and remand, motion to dismiss, attending the Rule 16 conference, and the $150 removal filing fee where plaintiff filed a second suit in state court); *Hunt v. Tuls Cattle Co. III, LLC.*, No. CIV 17-320 JAP/KK, 2017 WL 3207833, at *4 (D.N.M. May 11, 2017) (awarding costs and fees incurred in removing the proceeding to federal court where plaintiff intended to file a second suit in state court).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss (**Doc. 23**) is hereby **GRANTED**. **ACCORDINGLY**, Defendants' Opposed Motion to Consolidate (**Doc. 24**) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants' reasonable attorneys' fees and costs incurred, limited as described in this Memorandum Opinion and Order.

**FURTHERMORE**, within **fourteen (14) days of the entry of this Order**, Defendants may file an affidavit outlining the fees and costs incurred. Within **fourteen (14) days after Defendants file the affidavit**, Plaintiff may file any objections she has to the amount Defendants request.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**